OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Timothy W. Marin ("Marin") appeals from the Ashtabula County Court, Western Area, judgment of September 22, 1999, convicting him of DUI and of driving without illuminated headlights. Specifically, Marin appeals from the court's denial of his motion to suppress filed on July 30, 1999. The following facts are relevant to a determination of this appeal.
On April 17, 1999, at approximately 2:36 a.m., Marin was driving a vehicle southbound on State Route 534 in Harpersfield, Ohio. An Ohio State Trooper was driving northbound on State Route 534. When the cars passed each other, Marin did not have his headlights illuminated in violation of R.C. 4513.14. The trooper made a U-turn and activated his overhead flashing lights. Marin made a right turn onto the Interstate 90 westbound entrance ramp. After making this turn, he turned on his headlights. While Marin was on the entrance ramp he noticed the trooper behind him and pulled over and stopped. At the suppression hearing, the trooper testified he approached Marin's vehicle and asked him for his license and registration. At that point, he noticed an odor of alcohol, and that Marin was slurring his words. The trooper testified he asked Marin if "he had been drinking and he said `yes, a couple of beers.'" The trooper asked Marin to exit the vehicle and to perform the three standard field sobriety tests, which Marin subsequently failed. Having formed the opinion that Marin was intoxicated, the trooper placed him under arrest. Marin was taken to a patrol post where he failed a breathalyzer test, registering a .111.
On May 28, 1999, Marin filed a motion to suppress, arguing that his warrantless arrest was not supported by reasonable suspicion or probable cause. Specifically, he argued that the officer had not observed him driving erratically or in an unsafe manner, and that, in the absence of "bad driving" (a traffic violation), there was no probable cause to make the arrest for DUI based solely on the fact Marin's breath smelled of alcohol. After a hearing on July 13, 1999, the trial court denied the motion to suppress. The court agreed that there must be evidence of "bad driving" to initiate the stop, but concluded that Marin's violation of R.C. 4513.14 constituted "bad driving." Finding the initial stop was justified, the court concluded that Marin was not arrested solely on the basis of the odor of alcohol but, rather, because he performed poorly on the field sobriety tests given by the trooper. After his motion was denied, Marin subsequently pled no contest to both DUI charges, violations of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(3), and also to the violation of R.C. 4513.14, driving without headlights. From this judgment, Marin timely filed notice of appeal, assigning the following error:
 "The trial court abused its discretion by finding against the manifest weight of the evidence that there was sufficient probable cause for the Ohio State Highway Patrol to stop defendant-appellant when there was no traffic violation being committed by defendant-appellant at the time of the stop."
 On appeal, Marin repeats the same arguments he made to the trial court. He seems to argue that since he turned his headlights on after he passed the trooper, the trooper no longer had any authority to detain him because, from that moment on, he was no longer violating the law. Marin argues he should only have been detained long enough to be instructed to turn his lights on, that this stop exceeded that limitation and, therefore, the subsequently obtained evidence of intoxication should be suppressed. In other words, his premise is that driving without headlights on was not a violation of the law subjecting him to a citation. We must note that while appellant's brief claims he was never cited for the headlight violation, the court's judgment entry indicates he pled no contest to violating R.C. 4513.14 (driving without headlights).
It is well established that an officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle that violated the law. Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. We have repeatedly held that where a police officer witnesses a minor traffic violation, he or she is justified in initiating a limited stop for the purpose of issuing a citation. State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, at 6, quoting State v.Yemma (Aug. 9, 1996), Portage App. No 95-P-0156, unreported. The officer may then proceed to investigate the detainee for DUI if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts. Id.
In the present case, the trooper observed a violation of R.C. 4513.14. At that point, it was his duty to initiate a stop and issue a citation. Upon commencing the procedure of issuing that citation, the officer observed facts creating a reasonable suspicion sufficient to justify further investigation, those facts being slurred words, the odor of alcohol, and Marin's admission to drinking. Marin then failed the field sobriety tests, at which point the trooper had probable cause to make a warrantless arrest for DUI. Marin's assignment of error is without merit.
The judgment of the trial court is affirmed.
FORD, P.J., CHRISTLEY, J. concur.
 ________________________ JUDGE WILLIAM M. O'NEILL